**MARRON LAWYERS, APC**
Paul B. Arenas (SBN 167863)
parenas@marronlaw.com
5000 E. Spring St., Suite 580
Long Beach, CA 90815
(562) 432-7422 Telephone
(562) 683-2721 Facsimile

Attorneys for Plaintiff Star Asia International, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| STAR ASIA INTERNATIONAL, INC., | Case No.: 5:22-cv-796 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| TAYLORED SERVICES, LLC, | Complaint Filed: |
| Defendant. | |

Star Asia International, Inc. ("Star Asia") alleges for its complaint against Defendant Taylored Services, LLC ("Taylored") as follows:

**PARTIES**

1. Star Asia is a Georgia corporation with its principal place of business at 208 Church Street, Decatur, GA 30030. Star Asia is a non-vessel-operating common carrier ("NVOCC") licensed by the Federal Maritime Commission.

2. Taylored is limited liability company formed in Delaware with its principal place of business at 1495 E Locust St., Ontario, California 91761.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and § 1391.

4. Jurisdiction is proper because complete diversity exists between the

1  parties and the amount in controversy exceeds $75,0000. Defendant is a Delaware limited liability company with a principal place of business located in Ontario, CA. Plaintiff is a Georgia corporation with a principal place of business located in Decatur, GA.

5. Personal jurisdiction exists over Taylored in California because it has warehouse facilities and provides third party logistics (3PL) services in Ontario, California. Moreover, all of the events giving rise to Star Asia's claims occurred in Ontario, California.

**STATEMENT OF FACTS**

6. In or about March 2021, Star Asia was engaged by Ex-Cell Home Fashions Inc. ("Ex-Cell") to provide ocean transportation and related logistics services for approximately eighteen (18) containers of textiles (the "Shipments") moving from Asia to the United States.

7. Star Asia then engaged vessel operating common carriers ("VOCCs") to transport the Shipments. The VOCCs issued master bills of lading ("MBL") identifying Star Asia as the shipper. Ex-Cell's goods were then loaded and packed into containers, which are owned by the VOCCs.

8. For each of the Shipments, Star Asia issued a house bill of lading naming Ex-Cell as the consignee. The bill of lading for the Shipments provided that Star Asia was responsible for port-to-port delivery, and that Ex-Cell would arrange for the inland transportation of the Shipments to their ultimate destination by a motor carrier.

9. Upon information and belief, Ex-Cell arranged for the Shipments to be transported by motor carrier to a Taylored warehouse (the "Warehouse") located in Ontario, California, where the goods were to be stored.

10. From May to July 2021, the Shipments arrived in the United States. Upon arrival, the Shipments cleared customs and were duly transported to the Warehouse. The Shipments were transported to the Warehouse, on or about, May

31 to July 13, 2021.

11.     Because the Shipments were packed and loaded into VOCC-owned containers (the "Equipment"), the Equipment's use was subject to the VOCC's tariff and MBL terms and conditions, which provide that Equipment must be returned within a certain number of days ("free time"). VOCCs typically provide five (5) days of free time to unload and return Equipment. If the Equipment is not returned within the allotted free time, detention/per diem is assessed for every additional day the Equipment is not returned. Per diem/detention charges can range between $125 to $370 per day.

12.     As the shipper on the VOCC's MBL, Star Asia has a right to possess and is responsible for the Equipment until it is returned. Star Asia is also responsible to the VOCC for the per diem/detention charges that accrue as a result of the failure to return the Equipment within the allotted free time.

13.     Once a container is delivered to the Warehouse, Taylored is required to unload the container and make it available to the motor carrier for pick up, to return it within the allotted free time. Taylored, however, failed to do so and instead held eighteen (18) containers at its Warehouse for several months.

14.     On or about August 6, 2021, Star Asia was informed that Taylored had not unloaded the Shipments and had been holding the Equipment for several months. Star Asia immediately contacted Taylored requesting that the Equipment be returned but received no response. In that same month, Star Asia made additional attempts to contact Taylored regarding the Equipment but received no response.

15.     The Equipment was not returned to the VOCCs until several months after delivery to Taylored. Most of the Equipment was returned between August to September 2021.

16.     Due to Taylored's failure to return the Equipment in a timely fashion, per diem/detention charges accrued on the containers in the amount of $241,990, which charges were assessed against Star Asia by the VOCCs.

17. Despite demand having been made, Taylored has refused to pay the per diem/detention charges.

## Count I- Negligence

18. Star Asia repeats and realleges each of the assertions made in paragraphs 1 to 17 above.

19. Taylored provides warehouse services to the public.

20. Taylored owes a duty of reasonable care to its customers in handling, storing, and unloading goods.

21. Taylored breached its duty of care by failing to use the degree of care a reasonably prudent warehouseman would under the same or similar circumstances. Taylored's acts and omissions include, but are not limited to, failing to return the Equipment in a timely manner within the allotted free time.

22. As a result of Taylored's negligence, Star Asia suffered damages in excess of $241,990.

## Count II- Breach of Bailment

23. Star Asia repeats and realleges each of the assertions made in paragraphs 1-22 above.

24. The Equipment was delivered to Taylored creating a bailment.

25. Taylored as bailee, had sole, actual, and physical possession of the Equipment.

26. Taylored was aware that the Equipment must be returned within the allotted free time to prevent per diem/detention charges from accruing.

27. Taylored failed to unload the cargo from the containers and return the equipment in a timely fashion.

28. Taylored was in violation of its statutory and common law duties and obligations as a bailee to unload the goods and return the equipment.

29. As a result of Taylored's failure to comply with its statutory and common law duties, Star Asia has suffered damages in excess of $241,990.

## Count III- Conversion

30. Star Asia repeats and realleges each of the assertions made in paragraphs 1-29 above.

31. In its capacity as a NVOCC, acting on behalf of Ex-Cell, Star Asia had a right to possession of the Equipment.

32. Star Asia's right to possession of the Equipment was superior to any right of possession of Taylored.

33. By refusing to return the Equipment in a timely manner, Taylored unlawfully exercised dominion or a right of ownership over Equipment that Star Asia had a right to possess.

34. Taylored's retention of the Equipment for several months constitutes unlawful conversion of property and interfered with Star Asia's possessory rights.

35. As a result of Taylored's unlawful conversion of the Equipment, Star Asia has suffered damages in excess of $241,990.

## Prayer for Relief

WHEREFORE Star Asia requests that this Court grant the following relief:

A. Award Star Asia damages in the amount of $241,990;

B. Award pre-judgment and post-judgment interest; and

C. Award such other equitable or legal relief as may be necessary and proper.

Dated: May 10, 2022                    MARRON LAWYERS, APC

By: /s/Paul B. Arenas
Paul B. Arenas
Attorneys for Plaintiff Star Asia International, Inc.